UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00486-FDW-DSC

| MAURICE GRIER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | ORDER |
| DUNCAN GRAY, individually and as an employee of the Charlotte-Mecklenburg Board of Education; CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on an original Motion to Dismiss filed by Defendant Charlotte-Mecklenburg County Board of Education ("the Board") (Doc. No. 12). Following the filing of that motion, Plaintiff filed an Amended Complaint (Doc. No. 14). In light of the filing of this amended pleading, the original motion to dismiss is DENIED AS MOOT. See Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'").

Subsequently, Defendant Duncan Gray ("Gray") and the Board (collectively, "Defendants") moved to dismiss the Amended Complaint pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. Nos. 19, 31). Gray's motion is DENIED, and the Board's motion is GRANTED in part and DENIED in part.

1

# I. BACKGROUND

Plaintiff is a former student at West Charlotte High School ("WCHS"), which is operated by the Board.[1] (Amd. Compl. at 2, ¶ 4). Plaintiff alleges Mr. Gray, a band teacher at WCHS, sexually assaulted Plaintiff in Fall 2011. (Amd. Compl. at 4, ¶¶ 26-28).

Plaintiff claims Mr. Gray was hired by the Board or the Board's agents at some time before the 2010-2011 school year. (Amd. Compl. at 3, ¶ 13). Mr. Gray allegedly "had a well-known and well-documented history of sexually harassing and engaging in inappropriate sexual behavior with students" and the Board knew of these prior incidents. (Amd. Compl. at 3, ¶14). Plaintiff alleges that even though Mr. Gray "was disciplined by and/or terminated from at least one" job because of his inappropriate sexual behavior, the Board hired Mr. Gray to serve at WCHS, where he was Plaintiff's band teacher for four years. (Amd. Compl. at 3, ¶ 15-16).

Plaintiff was enrolled at WCHS from 2010 until 2014. (Amd Compl. at 1). Plaintiff alleges that in Spring 2011 of his freshman year, Mr. Gray tutored Plaintiff and other students after school and would drive all of them home afterwards. (Amd. Compl. at 3, ¶¶ 18-19). After dropping off all the other students, Mr. Gray "would touch and squeeze Plaintiff's legs." (Amd. Compl. at 3, ¶ 19). Over the course of Spring 2011, Mr. Gray allegedly "spoke about homosexual acts more often and more openly to Plaintiff[,]" "began to make sexually suggestive comments . . . and sought to engage Plaintiff in appropriate sexual conversation while at school[,]" and "began calling Plaintiff to seek to engage him in sexually inappropriate conversations." (Amd. Compl. at 3-4, ¶¶

---

[1] The background is based on allegations in Plaintiff's Amended Complaint (Doc. No. 14). In light of the procedural posture of this case and the grounds asserted in the motion to dismiss, the allegations are taken in the light most favorable to Plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993) (noting that when acting under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.").

21-23). According to Plaintiff, a cell phone was discovered with evidence showing Mr. Gray "sexually harassed and engaged in appropriate sexual behavior with other students" at WCHS, the Board was aware of Mr. Gray's actions, and as a result, the Board suspended Mr. Gray from March 10, 2011 until March 28, 2011. (Amd. Compl. at 4, ¶¶ 24-25).

Plaintiff alleges that upon returning to WCHS in Fall 2011, Mr. Gray ordered Plaintiff to attend after school tutoring once again. (Amd. Compl. at 4, ¶ 26). During one of these lessons, Plaintiff claims Mr. Gray "asked Plaintiff if he could touch Plaintiff's genitalia[,] touched Plaintiff's genitalia, then he sought to induce Plaintiff into touching [Mr. Gray's] genitalia." (Amd. Compl. at 4, ¶¶ 27-28). However, before anything else could take place, "someone began banging on the door" and Mr. Gray ran away. (Amd. Compl. at 4, ¶ 28).

After this incident, Plaintiff allegedly quit communicating with Mr. Gray and no longer attended tutoring, stopped attending tutoring. (Amd. Compl. at 4, ¶29). Plaintiff claims Mr. Gray persistently attempted to convince Plaintiff that sexual contact with Mr. Gray was okay. (Amd. Compl. at 4, ¶¶ 30-31). Plaintiff rejected further advances by Mr. Gray and Mr. Gray allegedly retaliated by: removing from his lead-chair position in the school band; "sought to marginalize Plaintiff's role in the school band by making disparaging comments about [Plaintiff] and about his musical abilities in the presence of other school band members"; and sought to prevent Plaintiff's graduation from WCHS by imposing a fine, which allegedly had no substantive merit, on Plaintiff shortly before Plaintiff's graduation date. (Amd. Compl. at 4-5, ¶¶ 32-37). According to Plaintiff, Mr. Gray told Plaintiff, "[i]f you say anything, I am going to get you." (Amd. Compl. at 5, ¶ 38).

## II. STANDARD OF REVIEW

**A. Motion to Dismiss**

**1. Rule 12(b)(1)**

A motion to dismiss pursuant to Rule 12(b)(1) shall be granted when a federal court lacks jurisdiction over the subject matter of a lawsuit. Fed. R. Civ. P. 12(b)(1). Federal courts have jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. The burden of establishing federal subject matter jurisdiction rests on the Plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). The moving party should prevail on a Motion to Dismiss pursuant to a lack of federal jurisdiction if material jurisdictional facts are not in dispute, and the moving party is entitled to prevail as a matter of law. Richmond, Fredericksburg & Potomac R.R. Co. v. U.S., 945 F.2d 765 (4th Cir. 1991) (citing Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir. 1987)).

**2. Rule 12(b)(2)**

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff ultimately bears the burden of proving to the district court judge the existence of jurisdiction over the defendant by a preponderance of the evidence[.]" New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005) (citing Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989) ). However, "[w]hen a district court considers a question of personal jurisdiction based on the contents of a complaint and supporting affidavits, the plaintiff has the burden of making a prima facie showing in support of its assertion of jurisdiction." Universal Leather, LLC v. Koro Ar, S.A., 773 F.3d 553, 558 (4th Cir. 2014) (citation omitted). Under these circumstances, a court must "assume the credibility of [the plaintiff's] version of the facts[,]" "construe all relevant pleading allegations in the light most favorable to the plaintiff[,]" "construe any conflicting facts in the parties' affidavits and declarations in the light most favorable to [the plaintiff,]" and "draw

4

the most favorable inferences for the existence of jurisdiction." Id. at 558, 560 (citations omitted); Combs, 886 F.2d at 676.

### 3. Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) requires that a complaint allege sufficient facts to ascertain that a "claim is plausible rather than merely conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). Plaintiffs must "state a claim that is plausible on its face," which would allow a court to draw a "reasonable inference" that a defendant could be liable for the conduct alleged in the complaint. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570). Ultimately, the court "…need not accept as true unwarranted inferences, unreasonable conclusions, or arguments" laid out in the complaint. Monroe v. City of Charlottesville, 579 F.3d 380, 385-86 (4th Cir. 2009). Rather, a court must simply accept as true factual matter alleged in the complaint for purposes of stating the elements of his or her claim. Bass v. E.I. DuPont de Nemours & Co., 343 F.3d 761, 765 (4th Cir. 2003).

## III. ANALYSIS

Plaintiff's Amended Complaint asserts ten causes of action against both Defendants: (1) Violation of Title IX; (2) Violation of 42 U.S.C § 1983; (3) Negligent Hiring, Supervision, and Retention; (4) Negligence, Gross Negligence; (5) Negligent Infliction of Emotional Distress; (6) Intentional and Negligent Infliction of Emotional Distress; (7) Assault; (8) Battery; (9) Violation of the North Carolina Constitution; and (10) Punitive Damages under N.C. Gen. State § 1D and 42 U.S.C. § 1983 for Malice or Wanton and Willful Conduct. (Doc. No. 14); (Doc. No. 32 at 2 (summarizing Plaintiff's claims)). The Court addresses Defendants' motions in turn.

**A.**   **Defendant Gray's Rule 12(b)(6) Motion and Failure to File an Answer**

Defendant Gray's Motion to Dismiss relies entirely on Rule 12(b)(6) of the Federal Rules of Civil Procedure. Gray argues Plaintiff's claims under Title IX and 42 U.S.C. § 1983 should be dismissed because neither claim provides for individual liability. For the reasons stated in Plaintiff's Response (Doc. No. 32), the Court disagrees with Defendant Gray and DENIES the motion to dismiss these claims. Because some of Plaintiff's justification for these claims centers on detailed allegations in the Amended Complaint, the Court's ruling herein is *without prejudice* to Defendant Gray to reassert these arguments at summary judgment if discovery establishes no issues of material fact on these allegations and shows Defendant Gray is entitled to judgment as a matter of law. As to Defendant Gray's other arguments, they are also denied. Plaintiff's Amended Complaint contains sufficient allegations to set forth plausible claims against Gray.

The Court notes that Defendant Gray has failed to abide by this Court's standing orders, which provide that a motion to dismiss made pursuant to Rule 12(b)(6) does not toll the time for filing an answer. See Initial Scheduling Order, 3:07-MC-47 (Doc. No. 2, p. 6 ("The filing of any other preliminary motion – including motions made pursuant to Rules 12(b)(3), 12(b)(6), and 12(b)(7) – will NOT presumptively toll the time required to plead an answer, counterclaims, and/or third-party complaint.").[2] Defendant Gray's answer is therefore late, although Plaintiff has not moved for entry of default. **Defendant Gray shall show cause within seven (7) calendar days why such failure to timely file a responsive pleading should not result in entry of default.** Defendant Gray shall also file within this seven-day deadline an answer to the Amended Complaint

---

[2] The Court notes the Board, the other defendant in this case, sought dismissal relying in large part on Rules 12(b)(1) and (b)(2) of the Federal Rules of Civil Procedure, which – under this Court's standing orders – tolled their time for filing an Answer.

on the docket so that if the Court finds good cause or excusable neglect, neither the Court nor the parties need to delay any further awaiting Defendant Gray's Answer.

**B.    Charlotte-Mecklenburg Board of Education's Motion to Dismiss**

The Board moves to dismiss all of Plaintiff's claims. The Board argues Plaintiff's State Negligence and Tort Claims (third, fourth, fifth, sixth, seventh, and eighth claims) should be dismissed for lack of jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2) because government immunity protects the Board and its employees from such claims. (Doc. No. 19 at 1). Further, the Board argues Plaintiff's first, second, sixth, seventh, eighth, and ninth claims should be dismissed because Plaintiff fails to state a claim upon which relief can be granted. (Doc. No. 19 at 1-2).

**1. Governmental Immunity**

The Board argues governmental immunity bars Plaintiff's negligence and tort claims against it. Under North Carolina law, a county board of education is "not liable in a tort or negligence action except to the extent that it has waived its governmental immunity pursuant to statutory authority." Collum v. Charlotte-Mecklenburg Bd. of Educ., No. 3:07CV534-RJC-DSC, 2010 WL 702462, *6 (W.D.N.C. Feb. 23, 2010) (quoting Beatty By & Through Beatty v. Charlotte-Mecklenburg Bd. of Educ., 99 N.C. App. 753, 755, 394 S.E.2d 242, 244 (1990)). North Carolina General Statute § 115C-42 provides that a board of education "may waive this immunity by purchasing liability insurance." Magana v. Charlotte-Mecklenburg Bd. of Educ., 645 S.E.2d 91, 92 (N.C. Ct. App. 2007) (citing N.C. Gen. Stat. § 115C-42 (2005)). However, the purchase of a liability insurance policy by a board of education alone "is insufficient to waive sovereign immunity." Herring v. Liner, 163 N.C. App. 534, 537, 594 S.E.2d 117, 120 (2004). Instead, the

"immunity is only waived to the extent that such board of education is indemnified by insurance for such negligence or tort." N.C. Gen. Stat. § 115C-42 (2005). North Carolina courts "strictly construe [§ 115C-42] against finding a waiver of sovereign immunity." Miller v. Union Cty. Pub. Sch., No. 316-CV-666-FDW-DCK, 2017 WL 3923977, at *6 (W.D.N.C. Sept. 7, 2017) (citing Hallman v. Charlotte-Mecklenburg Bd. Of Educ., 124 N.C.App. 435, 438, 477 S.E.2d 179, 181 (1996)).

While admitting that the Board had excess liability insurance in 2010-2011, 2011-2012, 2012-2013, 2013-2014, and 2017-2018, the Board contends the insurance policies do not cover the state law negligence and tort claims alleged by Plaintiff. (Doc. Nos. 20 at 5-6; see also Doc. Nos. 19-1, 19-2, 19-3, 19-4, 19-5, 19-6). The Board argues it does not waive immunity because the insurance policies only provide coverage if the Board paid the retention amount of $250,000 per claim ("Policy") or $1,000,000 per occurrence. (Doc. No. 20 at 5-6). The Policy specifically states that it provides "coverage only for occurrences or wrongful acts for which the defense of governmental immunity is clearly not applicable[,]" and "is not intended by the Insured to waive its governmental immunity as allowed by North Carolina General Statute [§] 115C-42[.]" (Doc. Nos. 20 at 5-6, 19-1 at 3-4, ¶ 18; see also Doc. Nos. 19-2 at 16, 19-3 at 15, 19-4 at 15, 19-5 at 15, 19-6 at 21). The Board cites the language within the Policy and language within the contracts of the other polices to argue that this case is analogous to a series of North Carolina Court of Appeals decisions which have all found there to be no waiver of governmental immunity. (Doc. No. 20 at 6 (citing Magana, 645 S.E.2d at 91; Irving v. Charlotte-Mecklenburg Bd. of Educ., 2013 WL 5508370, *3 (N.C. Ct. App. October 1, 2013); Doe v. Charlotte-Mecklenburg Bd. of Educ., 731 S.E.2d 245, 247 (N.C. Ct. App. 2012)).

These cases, as well as others from North Carolina courts, support the conclusion that the purchase of insurance policies with self-insured retention programs such as the one owned by the Board does not waive a board of education's governmental immunity. See Magana, 645 S.E.2d (holding that a board of education did not waive its governmental immunity where the board's insurance policy only provided coverage for claims where the board would be liable for damages over $1,000,000); see also Craig ex rel. Craig v. New Hanover Cty. Bd. of Educ., 678 S.E.2d 351, 353 (N.C. 2009) (ruling that where a board of education's insurance policy did not cover a plaintiff's state law negligence claim, "both statute and longstanding case law of this State establish that the Board has not waived immunity from suit"). This District has recognized the applicability of this rule. RM by & through MM v. Charlotte-Mecklenburg Cty. Bd. of Educ., No. 3:16-CV-00528-GCM, 2017 WL 2115108, at *3 (W.D.N.C. May 15, 2017) ("[T]he excess policies never provide coverage if the Board is otherwise immune from the claim."); see also Sutton v. Charlotte-Mecklenburg Sch., No. 318CV00161FDWDCK, 2018 WL 3637366, at *6 (W.D.N.C. July 31, 2018) (concluding "the applicable policies only provide excess coverage and exceptions to the sovereign immunity doctrine do not apply to the state law claims alleged by Plaintiff").

Accordingly, this Court finds the Board did not waive its governmental immunity as to the negligence and tort claims and, therefore, grants the Board's motion to dismiss as to Plaintiff's third, fourth, fifth, sixth, seventh, and eighth causes of action.

**2. Claims under Title IX and the North Carolina Constitution**

The Board moves to dismiss Plaintiff's remaining claims (first, second, and ninth claims) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court has reviewed the Amended Complaint, as well as the arguments and applicable law cited by both parties. Following

review and application of the appropriate standard of review, the Court DENIES the Board's motion to dismiss these three claims. This ruling is without prejudice to the Board to re-assert their legal arguments, if appropriate, in a dispositive motion following discovery.

## IV. CONCLUSION

For the reasons that follow, the original motion to dismiss (Doc. No. 12) is DENIED AS MOOT, Gray's motion (Doc. No. 31) is DENIED, and the Board's motion (Doc. No. 19) is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

Signed: September 26, 2018

Frank D. Whitney
Chief United States District Judge