UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00486-FDW-DSC

| | |
|---|---|
| MAURICE GRIER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DUNCAN GRAY, individually and as an employee of the Charlotte-Mecklenburg Board of Education; CHARLOTTE-MECKLENBURG BOARD OF EDUCATION,<br><br>　　　　Defendants. | ORDER |

THIS MATTER is before the Court on several post-trial motions, including two motions from Defendant Charlotte-Mecklenburg Board of Education ("Board"): a Motion for Judgment as a Matter of Law (Doc. No. 121), and a Motion for New Trial or Remittitur (Doc. No. 123); and Plaintiff's Motion to Amend Judgment (Doc. No. 125). These motions have been fully briefed by these two parties (Doc. Nos. 127, 128, 130, 131, 132, 133). Defendant Duncan Gray has not responded in opposition to or support of any motion, and he did not timely file any other motion pursuant to the Federal Rules of Civil Procedure.

For the reasons that follow, the Court DENIES the Board's Motion for Judgment as a Matter of Law, GRANTS the Board's Motion for a New Trial, and GRANTS IN PART, DENIES IN PART, and DENIES WITHOUT PREJUDICE IN PART Plaintiff's Motion to Amend the Judgment. Pursuant to Rule 54(b) and for the reasons below, the Court also *sua sponte* reconsiders its prior ruling granting summary judgment for the Board on Plaintiff's Title IX claim in light of the decision by the Fourth Circuit Court of Appeals in Doe v. Fairfax Cty. Sch. Bd., 1 F.4th 257,

1

261 (4th Cir. 2021), decided on June 16, 2021, after the Court's summary judgment ruling and after trial in this matter. Notably, on August 30, 2021, the Fourth Circuit denied the petition for rehearing *en banc* thereby solidifying the decision's precedence in the Fourth Circuit absent Supreme Court action. Doe v. Fairfax Cty. Sch. Bd., 10 F.4th 406 (4th Cir. 2021) (denying petition for rehearing en banc in a divided opinion).

**A.     Motion for Judgment as a Matter of Law**

The Board moves for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) and argues the evidence at trial was insufficient for the jury to find the Board liable under § 1983. A Rule 50(b) motion "assesses whether the claim should succeed or fail because the evidence developed at trial was insufficient as a matter of law to sustain the claim." Belk, Inc. v. Meyer Corp., 679 F.3d 146, 155 (4th Cir. 2012). When considering a Rule 50 motion, the court cannot reweigh the evidence or consider the credibility of the witness and must view "all the evidence in the light most favorable to the prevailing party and draw all reasonable inferences in [the prevailing party's] favor." Konkel v. Bob Evans Farms, Inc., 165 F.3d 275, 279 (4th Cir. 1999). A jury's verdict will withstand a motion under Rule 50 unless the court "determines that the only conclusion a reasonable trier of fact could draw from the evidence is in favor of the moving party." Tools USA and Equip. Co. v. Champ Frame Straightening Equip., Inc., 87 F.3d 654, 656-57 (4th Cir. 1996) (quoting Winant v. Bostic, 5 F.3d 767, 774 (4th Cir. 1993)); see also Konkel, 165 F.3d at 279. When ruling on a motion under Rule 50(b), the court may allow judgment on the verdict, order a new trial, or direct entry of judgment as a matter of law. Fed. R. Civ. P. 50(b).

In order for Plaintiff to establish liability here, he had to prove by a preponderance of the evidence that the sexual harassment he endured resulted from the Board's "custom, policy, or

practice." Fitzgerald v. Barnstable Sch. Comm., 555 U.S. 246, 257–58 (2009) (citing Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 694 (1978) ("it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.")). "[O]fficial policy can be inferred from a municipality's omissions as well as from its acts." Wellington v. Daniels, 717 F.2d 932, 935–36 (4th Cir. 1983). However, "such omissions are actionable only if they constitute 'tacit authorization' of or 'deliberate indifference' to constitutional injuries." Id. at 936 (citing Avery v. Burke Cty., 660 F.2d 111, 114 (4th Cir. 1981)) ("[T]he conduct of the board may be actionable if their failure to promulgate policies and regulations rose to the level of deliberate indifference."); see also City of Canton, Ohio v. Harris, 489 U.S. 378, 389, 109 S. Ct. 1197, 1205, 103 L. Ed. 2d 412 (1989) ("Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality—a 'policy' as defined by our prior cases—can a city be liable for such a failure under § 1983."). Moreover, the Board "cannot be held liable solely for the acts of others, e.g., 'solely because it employs a tortfeasor.'" Los Angeles Cty., Cal. v. Humphries, 562 U.S. 29, 36, 131 S. Ct. 447, 178 L.Ed.2d 460 (2010) (quoting Monell, 436 U.S. at 691).

Applying these standards here, the Court concludes the evidence was sufficient for the jury to find the Board liable under § 1983. Both parties presented evidence regarding the Board's acts and omissions, as well as evidence as to whether the Board's acts and omissions proximately caused Plaintiff's injuries. While a reasonable trier of fact could draw from the evidence and find in favor of either Plaintiff or the Board on the liability issue, when construing the evidence in the light most favorable to Plaintiff, substantial evidence exists for the jury to find that the Board acted

3

with deliberate indifference and caused Plaintiff's injuries. Accordingly, the Court denies the Board's motion.

B.       **Motion for a New Trial or Remittitur**

The Board moves for a new trial or remittitur pursuant to Rule 59, arguing the Court should set aside the verdict and grant a new trial because the evidence was insufficient to support the jury's verdict on liability and damages. The Court has already concluded above the jury heard sufficient evidence upon which to base their liability verdict. The damages verdict, however, compels a different conclusion under this record.

Here, the jury awarded Plaintiff compensatory damages from the Board in the amount $7.5 million dollars.

> [P]ursuant to Rule 59, a damages verdict must be set aside if [1] the verdict is against the clear weight of the evidence, or [2] is based upon evidence which is false, or [3] will result in a miscarriage of justice. We have since explained that jury determinations of factual matters such as . . . the amount of compensatory damages will be reviewed under the first two prongs of our standard, by determining whether the jury's verdict is against the weight of the evidence or based on evidence which is false. Such review requires a comparison of the factual record and the verdict to determine their compatibility.

Cline v. Wal-Mart Stores, Inc., 144 F.3d 294, 305 (4th Cir. 1998) (quotations and citations omitted). "[T]he basic purpose of § 1983 damages is to compensate persons for injuries that are caused by the deprivation of constitutional rights." Memphis Cnty. Sch. Dist. v. Stachura, 477 U.S. 299, 307, (1986). The High Court explained that the jury must focus on "compensation for provable injury" and *not* "on the jury's subjective perception of the importance of constitutional rights as an abstract matter. . . . [N]o compensatory damages could be awarded for violation of that right absent proof of actual injury[,] . . . [and] the abstract value of a constitutional right may not form the basis for § 1983 damages." Id. at 308 (citations and quotations omitted). To be clear, the Supreme Court held, "damages based on the abstract value or importance of constitutional

4

rights are not a permissible element of compensatory damages in such cases." Id. at 310. "[C]ompensatory damages for emotional distress are compensable under § 1983, [and] such damages may not be presumed from every constitutional violation, but must be proven by competent, sufficient evidence." Price v. City of Charlotte, N.C., 93 F.3d 1241, 1250 (4th Cir. 1996) (citing Carey v. Piphus, 435 U.S. 247, 262-63 & n. 20 (1978)). Where compensatory damages cannot be proven, a plaintiff is entitled to nominal damages in the sum of one dollar. Price, 93 F.3d at 1256 (citations omitted).

Sufficient evidence to prove compensatory damages can include testimony from the plaintiff:

> [A] plaintiff's testimony, standing alone, can support an award of compensatory damages for emotional distress based on a constitutional violation; however, the testimony must establish that the plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated; neither conclusory statements that the plaintiff suffered emotional distress nor the mere fact that a constitutional violation occurred supports an award of compensatory damages. In marshaling the evidence necessary to establish emotional distress resulting from a constitutional violation, Carey instructs us that "genuine injury" is necessary.

Price, 93 F.3d at 1254 (quoting Carey, 435 U.S. at 264). Unlike in Price, this Court finds Plaintiff here presented sufficient testimony such that a reasonable juror could find demonstrable injury resulting from the constitutional violation. Plaintiff's mother also testified as to her observations of Plaintiff's emotional state before, during, and after the harassment occurred. Nevertheless, the Court finds problematic Plaintiff's counsel's arguments to the jury regarding damages against the Board, specifically suggesting the jury put a "value on the right of a school child not to be sexually abused by a school teacher," assess damages by "think[ing] about the importance of the right of bodily integrity in our system of government," and award $10 million without discussing any

5

evidentiary basis from the trial to support such an award.[1]  Counsel's arguments squarely encourage the jury to place an abstract value on a constitutional right in calculating damages. Furthermore, the record lacks evidentiary support for an award of compensatory damages against the Board for $7.5 million, an amount *ten times* the amount of compensatory damages found by the jury for Gray's liability for violation of § 1983, battery, and infliction of severe emotional distress.  Accordingly, the jury's award of $7.5 million in compensatory damages from the Board is against the weight of the evidence and appears to be based on the jury's valuation of constitutional rights as opposed to *Plaintiff's* emotional distress *caused by* the constitutional violation.  It must be set aside.

The issue thus turns to whether Plaintiff is entitled to a new trial or whether remittitur is appropriate.  "The decision as to whether damages are excessive and should be subject to remittitur is entrusted to the sound discretion of the district court, and . . . [an appellate court] will give the benefit of every doubt to the judgment of the trial judge." Robles v. Prince George's Cty., Maryland, 302 F.3d 262, 271 (4th Cir. 2002) (quotations omitted).  Under this record, the Court finds a new trial on damages is more appropriate than a new trial nisi remittitur.  See Knussman v. Maryland, 272 F.3d 625, 642 (4th Cir. 2001) (citing Cline, 144 F.3d at 305 ("[W]e have the option of ordering a new trial nisi remittitur."))..  In addition, a new trial will allow the Court an opportunity to reconsider the jury instruction issues raised in the Board's motion for a new trial. Thus, the Court declines to resolve those remaining arguments now.

Accordingly, the Court DENIES IN PART the Board's motion for a new trial as to liability under § 1983 and GRANTS IN PART the Board's motion for a new trial as to damages.

---

[1] Plaintiff's counsel also suggested the jury "send a message to the Board" in awarding sufficient damages; however, the Court, following a sidebar, instructed the jury that it could not award punitive damages against the Board. Because the jury is presumed to follow the Court's instructions, that statement does not factor into the analysis here regarding the damages award.

6

**C. Motion to Amend Judgment**

Plaintiff asks this Court to award pre- and post-judgment interest to the judgment issued on the jury's verdict. In light of the Court's ruling above ordering a new trial, the Court DENIES WITHOUT PREJUDICE Plaintiff's motion seeking interest on the judgment against the Board. The Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion seeking pre- and post-judgment interest on the judgment against Gray.

Section 1983 does not address awarding prejudgment interest to injured parties. Thus, "when a statute is silent, the issue of prejudgment interest is committed to the sound discretion of the trial court. . . ." Coliseum Cartage Co. v. Rubbermaid Statesville, Inc., 975 F.2d 1022, 1026 (4th Cir. 1992); Quesinberry v. Life Ins. Co. of N. Am., 987 F.2d 1017, 1030-31 (4th Cir. 1993) ("[A]bsent a statutory mandate[,] the award of prejudgment interest is discretionary with the trial court."). The purpose of prejudgment interest is to make the injured party whole by affording them complete recovery. See, e.g., West Virginia v. United States, 479 U.S. 305, 311 (1987) (stating that prejudgment interest allows full compensation by awarding parties "the loss of use of money due as damages from the time the claim accrues until judgment is entered"). Prejudgment interest may not be awarded on punitive damages. Vanwyk Textile Sys., B.V. v. Zimmer Mach. Am., Inc., 994 F. Supp. 350, 390 (W.D.N.C. 1997) (citation omitted). Finally, "prejudgment interest is appropriate not as a penalty, but as a means of affording a plaintiff . . . complete relief." Cotter v. E. Conference of Teamsters Retirement Plan, 898 F.2d 424, 429 (4th Cir.1990).

Under this record and despite Gray's non-response to the instant motion, the Court—in its discretion—declines to award prejudgment interest against Gray. The compensatory damages awarded Plaintiff here resulted from bodily injury and emotional distress and not from the loss of use of funds. Plaintiff has not made a sufficient showing that an award of prejudgment interest

7

against Gray would be anything other than punitive. Plaintiff is, however, entitled to post-judgment interest from the date of judgment under the terms of 28 U.S.C. § 1961, and the interest shall be compounded annually. The Court therefore GRANTS IN PART, DENIES IN PART, and DENIES WITHOUT PREJUDICE IN PART Plaintiff's Motion to Amend the Judgment.

### D. Rule 54(b) and the Court's prior ruling Granting in Part the Board's Motion for Summary Judgment

Here, Plaintiff and the Board timely-filed motions under Rule 59, which suspended the finality of the judgment as to these two parties issued after the jury's verdict. Banister v. Davis, __ U.S. __. 140 S. Ct. 1698, 1703 (2020) (citing FCC v. League of Women Voters of Cal., 468 U.S. 364, 373, n. 10 (1984)). Rule 54(b) provides that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and *may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities*." Fed. R. Civ. P. 54 (emphasis added); see also Fayetteville Inv'rs v. Commercial Builders, Inc., 936 F.2d 1462, 1472 (4th Cir. 1991) (holding that under Rule 54(b), courts may review its own interlocutory orders *sua sponte*); Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 515 (4th Cir. 2003) (citing Moses H. Cone Mem. Hosp. v. Mercury Const. Corp., 460 U.S. 1, 12, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge")). Because the Court has ordered a new trial on damages, entry of judgment cannot occur as against these parties until an adjudication of that issue. Consequently, reconsideration of a prior order under application of Rule 59(b) is appropriate at this juncture.

Though not binding, some courts have looked to the Rule 59(e) and 60(b) standards when reconsidering an interlocutory order under Rule 54(b):

8

> "Public policy favors an end to litigation and recognizes that efficient operation requires the avoidance of re-arguing questions that have already been decided. Most courts have adhered to a fairly narrow set of grounds on which to reconsider their interlocutory orders and opinions. Courts will reconsider an interlocutory order in the following situations: (1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice."

Reyazuddin v. Montgomery Cty., Md., No. DKC-11-0951, 2012 WL 642838, at *2–3 (D. Md. Feb. 27, 2012) (quoting Akeva, L.L.C. v. Adidas America, Inc., 385 F.Supp.2d 559, 565–66 (M.D.N.C.2005) (citations omitted); citing Beyond Sys., Inc. v. Kraft Foods, Inc., No. PJM–08–409, 2010 WL 3059344, at *1–2 (D. Md. Aug.4, 2010) (applying this three-part test when evaluating a motion for reconsideration under Rule 54(b))).

In granting summary judgment for the Board on Plaintiff's Title IX claim, the Court ruled that Plaintiff's reliance on evidence regarding the Board's knowledge of and response to an alleged sexual harassment claim involving Gray and a prior student was insufficient to establish deliberate indifference under Title IX. (Doc. No. 81, pp. 35-36). Subsequently, the Fourth Circuit Court of Appeals issued the decision in Doe v. Fairfax Cty. Sch. Bd., 1 F.4th 257 (4th Cir. 2021), which explained what constitutes a sufficient evidentiary showing to establish notice[2] and deliberate

---

[2] As to the notice requirement, a colleague with the District of Maryland has well-summarized the Fourth Circuit's ruling in Fairfax County School Board:

> "[A] school has actual notice or knowledge when it is informed or notified of the alleged harassment." Fairfax, 1 F.4th at 266 (citing Gebser, 524 U.S. at 290). This may include being "'alerted' to the 'possibility' of sexual harassment occurring," id. (citing Gebser, 524 U.S. at 291), "complaints, allegations, or reports" of harassment, id. at 267 (citing Davis, 526 at 649, 653-54), or by witnessing it or receiving a report of it, id. (citing Doe v Galster, 768 F.3d 611, 614 (7th Cir. 2014)), but it does not require receipt of "a clearly credible report of sexual abuse from the plaintiff-student," id. The Court further stated that "common sense and public policy considerations further counsel us to hold that a school's receipt of a report or complaint alleging sexual harassment is sufficient to satisfy the actual-notice requirement." Id. Actual notice does not mean that a claim has been accepted as credible or substantiated, but rather, it is an objective inquiry that asks whether an appropriate official in fact received a report or complaint and whether a reasonable official would determine that the report alleges misconduct. Id. at 268.

indifference[3] to import liability to a school board under Title IX.  There, the majority opinion unequivocally held, "[A] school may be held liable under Title IX if its response to a single incident of severe sexual harassment, or the lack thereof, was clearly unreasonable and thereby made the plaintiff more vulnerable to future harassment or further contributed to the deprivation of the plaintiff's access to educational opportunities."  Id.

Fairfax County School Board, which involved student-on-student harassment, is factually distinguishable to the case at bar, and the majority opinion is not without its critics.  The dissenting opinion, as well as the lengthy explanation provided by an obviously divided court in denying the petition for rehearing *en banc*, highlights other precedent that is challenging to reconcile with the majority's decision in Doe.  Id. at 277-280 (Niemeyer, J., dissenting); Fairfax Cty. Sch. Bd., 10 F. 4th at 406-22 (denying petition for rehearing *en banc*).  Nevertheless, the Fourth Circuit's conclusion that a school's response to a single incident of sexual harassment can constitute sufficient evidence for a reasonable jury to find notice and deliberate indifference now controls this Court.

---

> An appropriate official is described as "a school official with authority to address complaints of sexual harassment and to institute corrective measures." Id. at 265; see also Gebser, 524 U.S. at 290 ("An 'appropriate person' . . . is, at a minimum, an official of the recipient entity with authority to take corrective action to end the discrimination.").

Willey v. Bd. of Educ. of St. Mary's Cty., No. PWG-20-161, 2021 WL 3857950, at *7–8 (D. Md. Aug. 30, 2021)

[3] Similarly, Willey's succinct summation of Fairfax County School Board's discussion regarding deliberate indifference is worth incorporating here:

> "Under Title IX, a school acts with deliberate indifference where its response to the alleged harassment or the lack of any such response is clearly unreasonable in light of the known circumstances.'" Fairfax, 1 F.4th at 271 (quoting Davis, 526 U.S. at 648 (internal quotation marks omitted and cleaned up)). It is a high standard, requiring more than a showing of negligence. Id. However, a "half-hearted investigation or remedial action will [not] suffice to shield a school from liability." Id. (quoting S.B. ex rel. A.L. v. Bd. of Educ. of Harford Cty., 819 F.3d 69, 77 (4th Cir. 2016)).  Further, a school can be liable not only where its deliberate indifference effectively causes the harassment, but also where a school's deliberate indifference made a plaintiff more vulnerable to future harassment. Id. (citations omitted).

Willey, 2021 WL 3857950, at *9.

Under this record, the Court concludes its decision at summary judgment would have been different if it had the benefit of the Fairfax County School Board decision. This intervening change in controlling law by the guiding appellate court compels this Court to now conclude that Plaintiff presented minimally sufficient evidence to create an issue of fact on its Title IX claim, particularly as it relates to notice and deliberate indifference. In so ruling, the Court finds that even broadly construing Fairfax County School Board would not support an award of summary judgment for Plaintiff. Thus, the Court's ruling denying that portion of Plaintiff's motion for summary judgment remains undisturbed.

Accordingly, pursuant to Rule 54(b), the Court reconsiders that part of its prior order granting summary judgment for the Board on Plaintiff's Title IX claim, vacates that portion of its order, and now denies that portion of the Board's motion for summary judgment. Plaintiff's Title IX claim can proceed to trial, and the Court intends to conduct the trial simultaneously with the § 1983 damages trial ordered herein.

IT IS THEREFORE ORDERED that the Motion for Judgment as a Matter of Law (Doc. No. 121) is DENIED; the Board's Motion for a New Trial or Remittitur (Doc. No. 123) is GRANTED IN PART and DENIED IN PART; and Plaintiff's Motion to Amend the Judgment (Doc. No. 125) is GRANTED IN PART, DENIED IN PART, and DENIED WITHOUT PREJUDICE IN PART. Plaintiff is entitled to post-judgment from May 20, 2021, the date of judgment against Gray, under the terms of 28 U.S.C. § 1961, and the interest shall be compounded annually.

IT IS FURTHER ORDERED that for the reasons stated above, the Court's prior order granting summary judgment for the Board on Plaintiff's Title IX claim (Doc. No. 80) is hereby revised, and the Court now denies that portion of the motion.

TAKE NOTICE that this matter shall be calendared for docket call on January 3, 2022. The parties are directed to file new jointly-proposed pretrial submissions based on the Court's rulings herein no later than December 10, 2021   A pretrial conference shall take place at docket call.

IT IS SO ORDERED.

Signed: October 21, 2021

Frank D. Whitney
United States District Judge