UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00486-FDW-DSC

| | |
|---|---|
| MAURICE GRIER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THE CHARLOTTE-MECKLENBURG )<br>BOARD OF EDUCATION and )<br>DUNCAN GRAY, )<br>)<br>Defendants. )<br>) | ORDER |

THIS MATTER is before the Court on the Motion for Reconsideration filed by Defendant Charlotte-Mecklenburg Board of Education ("Board"), (Doc. No. 138), and Plaintiff's Motion for Discovery, (Doc. No. 153). These motions have been briefed by the parties, and for the reasons that follow, both motions are DENIED.

Turning first to the Motion for Reconsideration, the Court denies the motion without prejudice to the Board's ability to reassert any applicable arguments during or following trial in this matter. In so ruling, the Court notes that to the extent the decision in Doe v. Fairfax Cty. Sch. Bd., 1 F. 4th 257 (4th Cir. 2021), does not constitute an intervening *change* in controlling law, both the majority and dissenting opinions in that case provide this Court with fresh guidance as to the Fourth Circuit's analysis of Title IX liability, including "what establishes a school's actual notice in Title IX cases," id. at 264, and the significance of objective standards and reasonableness considerations when evaluating the adequacy of a school's response to complaints of harassment.

1

And, as already indicated by the Court in the order to which the Board now seeks reconsideration, the Court's ruling at summary judgment in this case would have been different had the Court had the benefit of the Doe decision at that time.

The Court is unconvinced that allowing Plaintiff's Title IX claim to now proceed to a jury under the unique circumstances of this case would constitute manifest injustice, particularly given the procedural posture of this case whereby the Court has granted a new trial—at the Board's request—on the issue of damages. Based on the parties' summary judgment materials for the Title IX claim, the evidence submitted in the first trial, and applicable law, the Court anticipates that some of Plaintiff's evidence he might use to give background during the retrial on the Section 1983 damages will also overlap with the evidence to establish liability under Title IX.

Finally, the Court is well-aware of those portions of the Doe case highlighted by the Board, including that portion of the opinion that notes, "If a school becomes aware of an unsubstantiated allegation of sexual harassment, *duly* investigates it, and *reasonably* dismisses it for lack of evidence, the school would not be liable since it did not act with deliberate indifference." 1 F.4th at 268 (emphasis added). The Court's ruling herein is *without prejudice* to the Board's ability to make this argument in a motion following Plaintiff's close of evidence, in a request for jury instructions and to the jury as part of closing arguments, and—if appropriate—in post-trial motions if the evidence presented at trial.

Next, the Court denies Plaintiff's Motion for Discovery. The Board's response in opposition outlines several valid and meritorious reasons to support denial of this untimely motion. (Doc. No. 156). The Court also agrees as to the obvious irrelevance and inadmissibility of

evidence of emotional distress caused by litigation.  E.g., Knussman v. Maryland, 272 F.3d 625, 641-42 (4th Cir. 2001).

As to the other portions of the proposed testimony and report, the Court has applied the multi-factor balancing test of Southern States Rack & Fixture, Inc. v. Sherwin–Williams Co., 318 F.3d 592, 595 (4th Cir. 2003),[1] and exercises its discretion to find that Plaintiff's belated disclosure of the expert report is neither "substantially justified" nor "harmless" in the specific context of this action.  Fed. R. Civ. P. 37(c)(1).  This case was tried before a jury nearly ten months ago, and at no time during the pendency of this action—filed in August 2017—has Plaintiff sought to identify an expert or disclose an expert report.  Allowing the reopening of discovery to permit this expert report and opinion testimony during *retrial* on damages would necessitate additional discovery and significant expense for the Board in order to promptly cure the surprise disclosure at this late stage of litigation.  It would also require the parties to revisit, revise, and resubmit pretrial filings that have already been submitted to and reviewed by the Court in preparation for the upcoming trial.  Consequently, granting the motion would absolutely disrupt the trial set to take place in a few weeks.  The Southern States factors weigh heavily in favor of excluding the proposed expert witness and report, and Plaintiff has failed to provide substantial justification for such a tardy disclosure.

---

[1] In exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis, this Court is guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence. Southern States, 318 F.3d at 596–97.

To the extent the "good cause" standard to modify the discovery schedule applies, the Court finds that for these same reasons, Plaintiff has also failed to show good cause to do so at this late stage of litigation. See Fed. R. Civ. P. 16(b)(4).

IT IS THEREFORE ORDERED that the Board's Motion for Reconsideration, (Doc. No. 138), and Plaintiff's Motion for Discovery, (Doc. No. 153), are DENIED.

IT IS SO ORDERED.

Signed: February 16, 2022

Frank D. Whitney
United States District Judge